UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

IRMA TORRES,                              )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )  CAUSE NO. 3:19-CV-117-PPS-MGG
                                          )
UNIVERSITY OF NOTRE DAME,                 )
                                          )
            Defendant.                    )

## OPINION AND ORDER

Irma Torres, a *pro se* plaintiff, filed a complaint and a petition for leave to proceed *in forma pauperis*. [DE 1, 2.] Because she is trying to file this case free of charge, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). Section 1915(e)(2)(B) applies to prisoner and non-prisoner complaints alike, regardless of fee status. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

A document filed *pro se* is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nonetheless, in this case, Torres' complaint suffers from several fatal flaws.

Torres alleges that she was employed with the University of Notre Dame for 10 years, and after she left, the University claimed she only worked for 3 years and denied

her pension. [DE 1 at 2.] Torres also claims that she was employed with the University from 1978-1979 and then returned in 1980. [*Id.* at 3.] The time frame is not clearly defined in the complaint, and it is not evident when Torres left the employment of the University, or whether her claims are timely.

Torres indicates that she is bringing her action pursuant to Title VII of the Civil Rights Act of 1964. That statute prohibits employers from treating employees differently on the basis of race, color, religion, sex, or national origin. 42 U.S.C. §2000e. The first prong of a prima facie case of discrimination requires that the plaintiff show that she was a member of a protected class. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 803 (1973); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). The complaint does not identify the protected category to which Torres alleges she belongs, and Torres never indicates that the basis for denying her pension was a prohibited animus.

Additionally, before bringing a Title VII claim, a plaintiff must first file a charge with the EEOC detailing the alleged discriminatory conduct within the time allowed by statute, and the EEOC must issue a right-to-sue-letter. *Hentosh v. Herman M. Finch Univ. of Health Scis./The Chicago Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir. 1999). A right-to-sue notice from the EEOC is a prerequisite to bringing suit, and the right-to-sue notice that forms the basis for a plaintiff's complaint must relate to the facts alleged before the EEOC. *Conner v. Ill. Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005). In this case, Torres does not state that she filed a charge of discrimination with the EEOC or that she received a right to sue letter. Thus, she has not satisfied the prerequisites for bringing a

Title VII claim.

Therefore, the request to proceed without prepayment of fees [DE 2] is DENIED, and the complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

ENTERED: March 5, 2019.

s/ Philip P. Simon  
**PHILIP P. SIMON, JUDGE**  
**UNITED STATES DISTRICT COURT**